IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stephanie Harvey, | C/A No. 3:09-1836-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Capital Children's Dental Center, and Palmetto Smiles, | |
| Defendants. | |

This employment case is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss pursuant to Rule 12(b)(4) and (5). (Docket Entry 10.) Essentially, the defendants contend that they were not properly served with process in this case because the certified mailing they received did not contain a copy of the Complaint.

Rule 4 of the Federal Rules of Civil Procedure requires that a summons must be served with a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). Although a civil action is commenced by filing a complaint with the court, the Rules require that service on the defendants be effected within 120 days after the complaint is filed. See Fed. R. Civ. P. 3, 4(m). However, if a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. See Fed. R. Civ. P. 4(m). Moreover, if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

The issue presented boils down to a swearing contest between the parties: the plaintiff avers that she included the Complaint in the packet, and the defendants' agent, Chris Wren, swears that

the envelope did not contain the Complaint. The dispute is significant because, according to the plaintiff, the statute of limitations has run since the filing of the Complaint.

Rule 4(m) itself provides the solution to this problem. Assuming that the plaintiff failed to serve the defendants with a copy of the Complaint, the Advisory Committee notes that Rule 4(m) authorizes the court to relieve a plaintiff from the consequences of an application of this subsection even if there is no good cause shown. See Fed. R. Civ. P. 4 advisory committee's note; see also Henderson v. United States, 517 U.S. 654, 663 (1996) (containing dictum by Justice Ginsburg citing to the Advisory Committee Note). Moreover, relief in the form of an extension of time to effect proper service may be justified if the applicable statute of limitations would bar the re-filed action. Fed. R. Civ. P. 4 advisory committee's note. Accordingly, "the court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1354 at 350 (3d ed. 2004).

Nonetheless, despite the conclusions of the Advisory Committee, respected commentators Wright and Miller, and former United States Supreme Court Justice Ginsburg, the precedent of this circuit appears to reject the notion that a district court has discretion to extend the time to serve even without a showing of good cause. In Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit held that a case *must* be dismissed when the plaintiff fails to effect service within 120 days absent a showing of good cause. Although Mendez was decided before the opinion in Henderson containing Justice Ginsburg's dictum regarding a district court's discretion on this point, some district courts within the Fourth Circuit have found that

PJG

Mendez was not overruled by Henderson and remains controlling on this issue. See, e.g., Burns & Russell Co. of Baltimore v. Oldcastle, Inc., 166 F. Supp. 2d 432, 439 n.7 (D. Md. 2001) (noting that "the Fourth Circuit's continued demand that plaintiffs demonstrate 'good cause' has been widely criticized; nevertheless, district courts in this Circuit are bound by Mendez"); Vander Linden v. Wilbanks, 128 F. Supp. 2d 900 (D.S.C. 2000) (Norton, C.J.) (noting that while some unpublished Fourth Circuit decisions cast doubt on Mendez, there was no published Fourth Circuit decision repudiating it); Patterson v. Brown, C/A No. 3:06cv476, 2008 WL 219965, *14 (W.D.N.C. Jan. 24, 2008) ("Thus, while the continuing validity of Mendez is in doubt, it is clear that Mendez is still binding authority in this circuit.") (unpublished); Graham v. Office Depot, Inc., C/A No. 4:04-23361-TLW, 2007 WL 2891478 (D.S.C. Sept. 28, 2007) (Wooten, J.) (finding that the court was constrained by the holding of Mendez and encouraging the plaintiff to "pursue persuading the Fourth Circuit to review its holding in Mendez") (unpublished); Rank v. Hamm, C/A No. 2:04-0997, 2007 WL 894565, *4 n.4 (S.D. W. Va. Mar. 21, 2007) (finding that the Supreme Court's statement in Henderson was dicta and did not overturn the Fourth Circuit's rule that courts must dismiss cases without a showing of good cause by the plaintiff) (unpublished); see also Brown v. Marriott Int'l Co., C/A No. 2:04-2378-CWH, 2007 WL 750772 (D.S.C. Mar. 7, 2007) (Houck, J.) (avoiding the question of whether Mendez was still good law and finding that the plaintiff had shown good cause) (unpublished). Others, however, have found that Mendez is no longer good law and opined that the Fourth Circuit would overrule Mendez if given the opportunity. See Hammad v. Tate Access Floors, 31 F. Supp. 2d 524 (D. Md. 1999); Bonds v. Electrolux Home Prod., Inc., C/A No. 8:06-1650-GRA, 2006 WL 3955825 (D.S.C. Dec. 6, 2006) (Anderson, G. Ross, J.) (unpublished); Vantage, Inc. v. Vantage Travel Serv., Inc., C/A No. 6:08-2765-HMH, 2009 WL 735893 (D.S.C. Mar. 20, 2009)

(Herlong, J.) (unpublished); see also DiPaulo v. Potter, 570 F. Supp. 2d 802 (M.D.N.C. 2008) (distinguishing Mendez based on the language of the new Rule); Lane v. Lucent Technologies, Inc., 388 F. Supp. 2d 590, 596-97 (M.D.N.C. 2005) (questioning the validity of Mendez and holding that "the court has discretion to allow a plaintiff to serve a defendant outside the 120-day time period even absent a showing of good cause"); Arnold v. Lowe's Home Improvement, LLC, C/A No. 4:08-cv-2617-RBH, 2009 WL 3151862 (D.S.C. Sept. 24, 2009) (Harwell, J.) (finding that the plaintiff had not shown good cause but that Mendez was no longer sound precedent and that district courts could exercise their discretion to extend the deadline even in the absence of a showing of good cause) (unpublished). Notably, some courts have pointed out that the Mendez Court's analysis was based on the erroneous premise that Rule 4(m), which replaced the former Rule 4(j), maintained essentially the same language as the former Rule. See Bonds, 2006 WL 3955825 at *4 (discussing Mendez, 45 F.3d at 78); Vantage, 2009 WL 735893 at *2. However, former Rule 4(j) provided: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant." By contrast, the language of the current Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." (emphasis added).

Here, a substantial question exists as to whether service has been properly made. While this court agrees with the reasoning of the district courts questioning the soundness of Mendez, absent a controlling holding by the United States Supreme Court it is nonetheless constrained to follow the

precedent of this circuit until the Fourth Circuit overturns it. See, e.g., United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court.") (internal quotation and citation omitted). Consequently, the court cannot avail itself of the "simplest solution" to quash process and give the plaintiff additional time to effect service, unless good cause for the failure is shown. See 5B Wright & Miller, supra, § 1354 at 350; Mendez, 45 F.3d at 79.

Courts are divided as to the meaning of "good cause" for failure to timely serve process. Good cause may be, but is not automatically, found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, the defendant has evaded service of the process or engaged in misleading conduct, or the plaintiff is proceeding *pro se* or *in forma pauperis*. 4B Wright & Miller, supra, § 1137 at 342-49. In determining whether good cause has been shown, courts have also considered whether the plaintiff diligently attempted to effect service and pursue her rights. See id.; Yongo v. Nationwide Affinity Ins. Co. of America, C/A No. 5:07-CV-94-D, 2008 WL 516744 (E.D.N.C. Feb. 25, 2008) (unpublished); Anderson, 2005 WL 3968035 (stating that the failure of the plaintiff to timely accomplish in four months what he ultimately accomplished in one day, albeit post-deadline, militated against a finding of good cause). However, courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause. See, e.g., Hammad, 31 F. Supp. 2d 524; Vincent v. Reynolds Mem. Hosp., Inc., 141 F.R.D. 436, 437 (N.D. W. Va. 1992) (cited in Parker v. Magna Inntertech-Spartanburg, 2009 WL 5178014 (D.S.C. 2009) (Floyd, J.)). Nor does the running of the statute of limitations in the interim automatically constitute good cause. See Mendez, 45 F.3d at 78; Cochran

v. Waldrop, C/A No. 6:06-2129-HMH, 2007 WL 626162, *1 n.1 (D.S.C. Feb. 23, 2007) (Herlong, J.) (unpublished); Anderson v. City of Rock Hill, C/A No. 0:04-22892-CMC-BM, 2005 WL 3968035, *2 (D.S.C. Apr. 15, 2005) (Currie, J.) (unpublished).

Here, Harvey has sworn that she included the Complaint in the envelope by which she served the defendants. Even assuming that the defendants are correct and Harvey is mistaken, this is not a case of inadvertently missing the deadline, ignorance of the Rule, or attorney neglect. Harvey's good faith belief, as demonstrated by her affidavit, that she included the Complaint with the summons when timely attempting service constitutes good cause to extend the service deadline. See Selman v. Am. Sports Underwriters, Inc., 697 F. Supp. 225, 235 (W.D. Va. 1988) ("The plaintiff's repeated efforts at service and his good faith belief that he had properly effected service more than satisfy [the good cause] standard."). In making this determination, the court observes that the defendants suffer no prejudice from extension of the deadline, as they have had notice of the plaintiff's claims since the filing of her EEOC charges. The court further notes that upon receiving on November 18, 2009 the defendants' motion containing their assertion that the envelope did not contain the Complaint,[1] Harvey promptly filed an affidavit averring that she included the Complaint and attaching copies of the return receipt from her certified mailing.

---

[1] Ironically, while the defendants filed their motion to dismiss on September 3, 2009, it does not appear that they served the motion on Harvey until November 3, 2009. (See generally Docket Entries 10, 16, 18, & 21.) Further, Harvey attests that she received the motion and supporting documents on November 18, 2009. (Harvey Aff. ¶ 8, Docket Entry 25-2 at 2.)

Based on the record in this case, the court recommends that the defendants' motion to dismiss (Docket Entry 10) the complaint be denied and that the plaintiff be given an additional thirty days to effect proper service upon the defendants.[2]

                                                *Paige J. Gossett*
                                                Paige J. Gossett
                                                UNITED STATES MAGISTRATE JUDGE

March 4, 2010
Columbia, South Carolina

       *The parties' attention is directed to the important notice on the next page.*

---

[2] In light of the court's recommendation that Harvey be given thirty days to re-serve the defendants, the court need not address Defendant Capital Children's Dental Center's argument that it was not served at the proper address.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).